IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DELVIN LASHON POWELL #97409-510, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NOS. 2:26-cv-00118-RAH-JTA |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Delvin Lashon Powell, a federal inmate proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 challenging his convictions and sentence in *United States v. Powell*, No. 2:23-cr-00400-ECM-SMD-1.[1] Powell contends that his attorney provided constitutionally ineffective assistance by (1) luring Powell to sign an appeal and collateral attack waiver in his plea agreement (2) failing to raise *Erlinger* when, according to him, his sentence was enhanced under the Armed Career Criminal Act; and (3) failing to raise the unconstitutionality of his 18 U.S.C. § 922(g)(1) conviction under the Second Amendment. Upon consideration of the record, and for the following reasons, Powell's § 2255 motion will be **DENIED** without an evidentiary hearing. *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 8(a).

### I.     BACKGROUND

#### A.     The Underlying Offense

On September 27, 2022, Powell was stopped for a traffic violation in Montgomery, Alabama.  (Cr. 53 at 4-5.) A search of Powell's vehicle resulted in the discovery of various types of pills including oxycodone, cocaine, two guns, and $40,594. (*Id.*)

---

[1] All citations to the underlying criminal action will be denoted as "Cr."

On November 29, 2023, Powell was indicted on four counts—one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of possession with intent to distribute oxycodone, in violation of 21 U.S.C. § 841(a)(1); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 6-1.)

Powell entered into a plea agreement, whereby the Government agreed to dismiss the charge of possessing a firearm in furtherance of a drug trafficking crime in exchange for Powell's guilty plea on all other counts. (Doc. 6-2.) The plea agreement also contained an appeal and collateral attack waiver. (*Id*. at 9.) In it, Powell "expressly waive[d] the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct." (*Id*.)

On April 25, 2024, Powell appeared before the magistrate judge and pleaded guilty. (Doc. 6-4.)  Before doing so, Powell was informed of certain rights and information.  He was also informed of several provisions in his plea agreement including the appeal and collateral attack waiver. (*Id*. at 8-9.) After confirming his understanding and agreement to these provisions, Powell pleaded guilty to the oxycodone and cocaine counts as well as the § 922(g) count.  (*Id*. at 12.)

At sentencing, the district court calculated a final advisory guideline range of 21 to 27 months. (Doc. 6-3 at 4.) Powell did not receive an enhancement under the ACCA or as a career offender. However, the district court was extremely troubled by Powell's "horrific" criminal history, which included attempting to murder someone by pouring

2

gasoline on them and setting them on fire. (*Id.* at 17.) The court ultimately varied upward, sentencing Powell to 180 months on all counts, to be run concurrently. (*Id.* at 22.)

Powell appealed his sentence as substantively unreasonable, but that appeal was dismissed pursuant to the appeal waiver in his plea agreement. (Cr. 78.)

Powell now claims that his attorney was ineffective for convincing him to plead guilty with an appeal waiver, that his attorney should have objected under *Erlinger*, and that his attorney should have argued that 18 U.S.C. § 922(g)(1) is unconstitutional. (Doc. 2.)

## II.     LEGAL STANDARD

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may obtain relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). Ineffective assistance of counsel is one of those claims that can be considered under a § 2255 petition.

A claim of ineffective assistance of counsel is evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective only if (1) his or her "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Id*. at 687; *see also Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Chandler*, 218 F.3d at 1315 ("[B]ecause counsel's

3

conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take."); *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it."). Scrutiny of counsel's performance is highly deferential, and the court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314.

Under the prejudice component, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. But the prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless the petitioner satisfies both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

### III.   DISCUSSION

Powell first argues that his attorney lured him into signing a plea agreement that contained an appeal and collateral attack waiver provision.  He states that his attorney advised him that this provision would not prevent him from appealing errors in his guideline calculations and, because of that advice, he decided to plead guilty instead of going to trial.

4

The Government claims that Powell does not argue that he would not have pleaded guilty absent his attorney's advice, but even if he did, his claim would still fail because he was advised by the magistrate judge about the effectiveness of the appeal waiver and consequences of a guilty plea.  The Government further argues that Powell has not shown any error with his guideline calculations because his sentence was driven by his prior criminal conduct and not the guidelines.

Concerning Powell's waiver argument, appeal and collateral attack waivers in plea agreements are valid if made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). "[A] valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing . . . . [A] contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). For a waiver to be valid under the Due Process Clause, it must constitute an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

Here, even assuming that Powell's attorney did say what Powell claims, Powell is entitled to no relief on this claim.

First, that agreement, signed by Powell, contains the following language: "the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255." (Doc. 6-2 at 9.) No where in the agreement did it carve out an exception for appealing errors in his guideline calculations.

Further, while under oath, Powell also engaged in a colloquy with the magistrate judge. During that colloquy, the magistrate judge explained the charge to Powell and told him that:

> THE COURT: Now, ordinarily once Judge Coogler sentenced you, you would have the right to appeal that sentence, but this plea agreement that you're entering into that you're pleading guilty to right now contains what's known as an appeal waiver. So by pleading guilty under this plea agreement, you're giving up your right to file an appeal challenging your sentence or to bring a collateral challenge to all -- to your conviction or your sentence. So once you're in prison, you can't bring a 28 U.S.C. Section 2255 action. That's a habeas action. You can't bring a collateral challenge or an appeal to your sentence in this case. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(Doc. 6-4 at 89.)

Powell acknowledged his understanding. Powell also acknowledged that he had discussed with his attorney the charges pending against him and that he was fully satisfied with his legal representation. (*Id.* at 4.) Powell then acknowledged that his guilty plea was knowing and voluntary, stated that he was not coerced or forced into entering the plea, and that he fully understood the consequences of entering a guilty plea. (*Id.* at 5.) Powell then testified to the facts of the charge. (*Id.* at 11.) And he then pleaded guilty. (*Id.* at 12.) Based on the clear language of appeal and collateral attack waiver, Powell's colloquy with the magistrate judge, and his guilty plea, Powell knowingly and voluntarily waived his right to seek post-conviction relief. Nor is his current assertion reasonable since the clear language of the waiver provision, as confirmed by the magistrate judge during the colloquy, put him on notice that the appeal waiver did not carve out or exclude an appeal for any error by his attorney in computing his guideline calculations.

But even if the application of the appeal waiver was misrepresented by his attorney, in order to be entitled to relief, Powell still must show prejudice. Here, Powell claims that the appeal waiver "prevent[ed] him from appealing errors in his guideline calculations." (Doc. 2 at 21.) But Powell has not shown any error with the guideline calculations. At sentencing, the sentencing court calculated the guidelines at 21 to 27 months based on an

offense level of 15 and a criminal history category of II.  (Doc. 6-3 at 4.) While he was sentenced to 180 months−the statutory maximum−that sentence was driven by his prior criminal conduct, not his guideline calculations. (*Id*. at 21.) And to the extent he claims his guidelines were incorrectly calculated because of the application of the ACCA or an unconstitutional § 922(g) conviction, neither argument holds merit because the ACCA was not applied at sentencing and a conviction under § 922(g) is not unconstitutional.

Accordingly, Powell is entitled to no relief on this claim.

\* \* \* \* \*

Powell also argues that his attorney was ineffective for failing to raise the *Erlinger* decision against his alleged ACCA sentencing enhancement.

Under the Supreme Court's recent decision in *Erlinger v. United States*, 602 U.S. 821 (2024), a court must vacate a sentence and order a jury to determine whether a defendant's predicate offenses meet the ACCA requirement of occurring on separate occasions.   In *Erlinger*, the Supreme Court held that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the question of whether predicate offenses occurred on separate occasions is a question of fact that must be determined by a unanimous jury beyond a reasonable doubt. 602 U.S. at 834–35. "Judges may not assume the jury's factfinding function for themselves, let alone purport to perform it using a mere preponderance-of-the-evidence standard." *Id.* at 834.

Contrary to Powell's assertion, *Erlinger* has no application here.  This is so because Powell was not sentenced under the ACCA.  Had the ACCA applied, Powell's statutory minimum sentence would have been 180 months. *See* 18 U.S.C. § 924(e). While the sentencing court did sentence him to 180 months, it was not because of the ACCA.  Instead, it was due to his prior criminal history, which the sentencing court used as the basis to vary above the guidelines.

Because the ACCA did not apply to Powell at sentencing, *Erlinger* did not apply either. Therefore, his attorney could not have been ineffective for not raising an *Erlinger* issue.  Thus, Powell is afforded to no relief here.

\* \* \* \* \*

7

Finally, Powell claims his attorney was ineffective for failing to argue that the § 922(g) count violated the Second Amendment.  His assertion fails on the merits.

No court in the Eleventh Circuit has found § 922(g) unconstitutional.  In fact, the Eleventh Circuit has already spoken to this argument on several occasions in published and unpublished opinions and has repeatedly rejected it as to § 922(g) convictions, facially and as applied. *See, e.g., United States v. Dubois*, 139 F.4th 887, 890, 894 (11th Cir. 2025); *see also United States v. Pierre*, No. 23-11604, 2025 WL 1721074, at *1, *3 (11th Cir. June 20, 2025) (per curiam); *United States v. Hester*, No. 23-11938, 2024 WL 4100901, at *1 (11th Cir. Sept. 6, 2024) (per curiam); *United States v. Young*, No. 23-10464, 2024 WL 346607, at *1, *9 (11th Cir. July 19, 2024) (per curiam); *United States v. Johnson*, No. 23-11885, 2024 WL 3371414, at *1 (11th Cir. July 11, 2024) (per curiam); *United States v. Sheely*, No. 22-13500, 2024 WL 4003394, at *1 (11th Cir. Aug. 30, 2024) (per curiam).

In short, Powell's claim that his § 922(g) conviction is unconstitutional is foreclosed by binding Eleventh Circuit precedent.  His attorney was not ineffective for failing to claim or argue that § 922(g) is unconstitutional, nor has Powell showed that his attorney's failure to raise it was unreasonable, or that it prejudiced him.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Petitioner Delvin Lashon Powell's 28 U.S.C. § 2255 motion is **DENIED** without an evidentiary hearing, and this case is **DISMISSED** with prejudice. To the extent Powell seeks a certificate of appealability, the request to proceed on appeal is **DENIED** because Powell has failed to make a substantial showing of the denial of a constitutional right. The Clerk of Court is directed to **CLOSE** this case and mail a copy of this Order to Powell at his address of record.

DONE on this the 8th day of June 2026.


R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE